**UNITED STATES of America,
Appellee,**

v.

**Jaime GONZALEZ, Defendant–
Appellant.**

No. 06–1769–cr.

United States Court of Appeals,
Second Circuit.

Oct. 22, 2007.

Carolyn Pokorny, Assistant United States Attorney, of counsel (Susan Corkery, Assistant United States Attorney, of counsel, on the brief), for Roslynn Moskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. CHARLES L. BRIEANT, District Judge.*

### SUMMARY ORDER

Jaime Gonzalez appeals from a judgment of conviction entered March 31, 2006 principally sentencing Gonzalez to life imprisonment. We assume the parties' familiarity with the facts and the procedural history of the case.

We review the district court's sentence for reasonableness. *United States v. Selioutsky,* 409 F.3d 114, 118 (2d Cir.2005). We review the factual findings underlying a district court's sentencing determination for clear error, *United States v. Dupre,* 462 F.3d 131, 144 (2d Cir.2006), and its legal application of the Guidelines *de novo, United States v. Gaskin,* 364 F.3d 438, 464 (2d Cir.2004).

Gonzalez contends that the life sentence imposed by the district court violated his rights under the Sixth Amendment. His contention is without merit. Gonzalez was

---

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

convicted of a single count of conspiring to distribute more than 50 grams of cocaine base, 21 U.S.C. § 846, 841(a)(1), an offense that carries with it a maximum sentence of life imprisonment, *id.* § 841(b)(1)(A). Because Gonzalez's sentence fell within the statutory maximum supplied by the statute of conviction, the Sixth Amendment presents no impediment to his sentence. *Cf. United States v. Fruchter,* 411 F.3d 377, 383 (2d Cir.2005).

The district court's sentence was also substantively reasonable. We have previously rejected the argument that the disparity between the treatment of cocaine and cocaine base under the Sentencing Guidelines can categorically render a sentence unreasonable, *United States v. Park,* 461 F.3d 245, 250 (2d Cir.2006), and Gonzalez has not shown why this disparity is unreasonable in his case. Nor are we persuaded that Gonzalez's role as father to six children renders his sentence unreasonable. *See* U.S.S.G. § 5H1.6 (noting that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted").

We have considered all of the defendant's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**