09-1285-cr
United States v. Gonzalez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand ten.

PRESENT:
>AMALYA L. KEARSE,
>PETER W. HALL,
>>*Circuit Judges*,
>JED S. RAKOFF,
>>*District Judge*.[*]

---

United States of America,

>*Appellee*,

>v.                                                                           09-1285-cr

Juan Saez, also known as King, Franklin Rivera, also known as Fabio Vanegas, also known as Francis Rivera, also known as Fabio Riveria, Margaret Maldonado, Eugene Mack, Cynthia Simpson,

>*Defendants*,

Jaime Gonzalez, also known as Enzo Grojales, also known as Enso Grajales, also known as Jamie Gonzalez,

>*Defendant-Appellant*.

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:    B. ALAN SEIDLER; Law Office of Bernard Alan Seidler, Esq.;
New York, NY.

FOR APPELLEE:    CAROLYN POKORNY, Assistant United States Attorney, Of Counsel,
Brooklyn, NY (Benton J. Campbell, United States Attorney for the Eastern
District of New York; Emily Berger, Assistant United States Attorney, Of
Counsel, *on the brief*).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*). **UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Jaime Gonzalez appeals from the district court's 1) denial of his motion for recusal and 2) March 26, 2009 order sentencing him principally to life imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's denial of a recusal motion for abuse of discretion. *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996). Here, we find none. A judge shall recuse himself if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[R]ecusal motions are to be made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *LoCascio v. United States*, 473 F.3d 493, 497 (2d Cir. 2007) (internal quotation marks omitted). Gonzalez argues, first, without citing any relevant legal authority, that the district court erred in denying his motion for recusal on grounds that the sentencing judge did not preside at trial. This argument has been available to Gonzalez since the original sentencing proceeding in June 2003. Gonzalez only sought to make this argument, however, following the second sentencing proceeding before Judge Johnson, and thus it has been waived. Moreover, even if the argument has not been waived by Gonzalez's lack of prior objection, he cites no authority, and we find none, for his contention that the impartiality of a sentencing judge who did not preside at the trial phase is, by virtue of that fact alone, in dispute. Gonzalez also argues that the string of adverse sentencing

2

rulings by the court forms an adequate basis for the judge's recusal. Recusal motions generally must be grounded on "extrajudicial matters," however, and "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009). Gonzalez has pointed to nothing other than the court's adverse rulings, and such rulings are insufficient. *Id.*

Regarding his sentence, Gonzalez makes three principal arguments. He contends first that because the jury found him guilty of conduct involving 50 grams or more of cocaine base, which under the Sentencing Guidelines carries a recommended sentence of 121-151 months, a life sentence violates his Sixth Amendment rights as recognized in *Apprendi v. United States*, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490. This argument, however, ignores that the statute under which Gonzalez was convicted prescribes a sentencing range of ten years to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original). Based on Gonzalez's conviction, a life sentence falls squarely within that "statutory maximum."

Gonzalez next argues that the sentence imposed by the district court was unreasonable. Review for reasonableness is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). We review sentences for both procedural and substantive reasonableness. *United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc). A sentence is procedurally unreasonable if, for example, a court mistakenly calculates the Guidelines range, fails adequately to explain its sentence, fails completely to consider the Guidelines or, conversely, treats the Guidelines as mandatory. *Id.* at 190. In the absence of evidence showing

3

otherwise, it is presumed "that a sentencing judge has faithfully discharged her duty to consider the statutory factors" listed in 18 U.S.C. § 3553(a). *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted). If we determine that the sentence is procedurally reasonable, we then turn to its substantive reasonableness. *Cavera*, 550 F.3d at 189-90. We will find a sentence substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted).

Without drawing a distinction between substantive and procedural unreasonableness, Gonzalez argues that the life sentence is unreasonable on the basis that the jury convicted him of conduct involving only 50 grams, that he is 44 years old, lacks a criminal history, has family dependents and a history of employment, and that the 100:1 ratio for penalties for conduct involving crack cocaine compared with conduct involving powder cocaine is "draconian." This Court considered and rejected many of these arguments in an earlier appeal. *See United States v. Gonzalez*, 251 Fed. Appx. 58, 59 (2d Cir. 2007). Gonzalez has proffered no persuasive reason for disturbing those prior rulings. It is clear from the proceedings below that the district court adequately considered the factors in § 3553(a). We cannot say on the basis of Gonzalez's arguments that the sentence imposed was either procedurally or substantively unreasonable.

Finally, Gonzalez argues that the district court relied on the erroneous belief that Gonzalez had been previously deported because of criminal activity. In re-imposing the life sentence, the court stated that it had "tak[en] into consideration all of [the factors in § 3553(a)], including the fact that this defendant was deported, then he came back to this country and he resumed selling drugs." Sentencing Transcript, March 26, 2009, at 5-6. Gonzalez did not object to or even comment upon this statement at the resentencing hearing. A timely objection is generally required to preserve an issue for appeal. *United States v. Ciak*, 102 F.3d 38, 45 (2d Cir. 1996). Issues that are not properly

preserved are reviewed for plain error. *Id.* "A finding of plain error requires (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights." *United States v. Gomez*, 580 F.3d 94, 100 (2d Cir. 2009) (internal quotation marks omitted). Nothing in the record shows that in the course of resentencing Gonzalez the court relied in substantial part on any reason underlying Gonzalez's prior deportation. To the extent that the court may have relied on a mistaken understanding in its explicit consideration of the § 3553(a) factors, it does not rise to the level of plain error, given that the court previously (a) imposed the same life sentence on Gonzalez, (b) expressly took into account Gonzalez's contention that he had never been deported, and (c) stated that it was "going to impose the same sentence whether he was deported or not." Sentencing Transcript, March 31, 2006, at 7-8. Accordingly, any misunderstanding at the most recent sentencing was at worst a minor factor among all those considered by the court at the time of the March 26, 2009 sentencing. Whether or not it was error, given its *de minimis* nature, the error was not plain, and we will not disturb the sentence on that basis.

We have considered all of Gonzalez's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5