**Frank LoCASCIO, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

Docket No. 05–6761–PR.

United States Court of Appeals, Second Circuit.

Argued: Dec. 5, 2006.

Decided: Jan. 9, 2007.

**494**

Herald Price Fahringer, Fahringer &
Dubno—Herald Price Fahringer PLLC

* The Honorable John G. Koeltl, United States
  District Judge for the Southern District of

(Erica T. Dubno, on the brief), New York,
NY, for Petitioner.

Barbara Underwood, Assistant United
States Attorney (Thomas Firestone, Assis-
tant United States Attorney, of counsel;
Roslynn R. Mauskopf, United States At-
torney for the Eastern District of New
York, on the brief), New York, NY, for
Respondent.

Before CARDAMONE and STRAUB,
Circuit Judges, and KOELTL, District
Judge.*

PER CURIAM.

Petitioner–Appellant Frank LoCascio
appeals from the judgment of the United
States District Court for the Eastern Dis-
trict of New York (I. Leo Glasser, *Judge*),
denying his amended motion to vacate, set
aside or correct his life sentence pursuant
to 28 U.S.C. § 2255. The amended motion
raised an ineffective assistance of counsel
claim, based on allegations that LoCascio's
attorney at the criminal trial, Anthony
Cardinale, altered his defense strategy af-
ter receiving a death threat from LoCas-
cio's co-defendant, John Gotti. We previ-
ously remanded the case for an evidentiary
hearing so that the District Court could
ascertain "the existence of both the alleged
conflict created by the death threat and
any resultant lapse in representation re-
flected by the alleged change in Cardi-
nale's conduct of LoCascio's defense." *Lo-
Cascio v. United States*, 395 F.3d 51, 57
(2d Cir.2005).

In accordance with our instructions, the
District Court conducted an evidentiary
hearing, at which Cardinale was the sole
witness. Based on Cardinale's testimony,
and applying the legal standards set forth
in our remand order, the District Court

New York, sitting by designation.

denied LoCascio's § 2255 motion. After careful review of the record and due consideration of Petitioner's arguments, we affirm on the basis of the District Court's finding that any failure to individuate LoCascio was the result of the joint defense strategy between LoCascio and Gotti, not Gotti's alleged death threat against Cardinale. *LoCascio v. United States,* 462 F.Supp.2d 333, 338–39 (E.D.N.Y.2005); *see LoCascio,* 395 F.3d at 58. Because the District Court's finding of no causation is sufficient to sustain the judgment, we find it unnecessary to determine whether the questions Cardinale testified he might have asked Sammy Gravano, a government witness, constituted a " 'plausible alternative defense not taken up by counsel.' " *LoCascio,* 395 F.3d at 56 (quoting *United States v. Moree,* 220 F.3d 65, 69 (2d Cir. 2000)).[1]

Following remand, just three days before the evidentiary hearing was scheduled to begin, LoCascio filed a motion to recuse or disqualify Judge Glasser pursuant to 28 U.S.C. §§ 144 and 455. The supporting affidavits, filed by LoCascio and his *habeas* counsel, pointed to the following as evidence of Judge Glasser's alleged personal bias and prejudice: (1) the fact that Judge Glasser held Cardinale in summary contempt during the criminal trial; (2) Judge Glasser's repeated denial of LoCascio's pre-trial, trial, and post-conviction motions, and in particular, his denial of LoCascio's

motion to amend the § 2255 petition on the ground that the ineffective assistance of counsel claim was "meritless"; and (3) Judge Glasser's comment to an interviewer that he was not intimidated during the criminal trial. Judge Glasser denied the motion, which LoCascio now challenges on appeal.

Recusal motions are committed to the sound discretion of the district court, and this Court will reverse a decision denying such a motion only for abuse of discretion. *United States v. Arena,* 180 F.3d 380, 398 (2d Cir.1999), *cert. denied,* 531 U.S. 811, 121 S.Ct. 33, 148 L.Ed.2d 13 (2000). We have reviewed the record in light of LoCascio's allegations, and we find his arguments to be wholly without merit. As Judge Glasser explained in his thorough opinion, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *LoCascio v. United States,* 372 F.Supp.2d 304, 315 (E.D.N.Y. 2005); *see also Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment im-

---

1. After concluding that LoCascio had failed to demonstrate a basis for relief based on the alleged actual conflict of interest, in accordance with the remand from this Court, the District Court stated that "[o]bedience to the teachings of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), drives me *as well* to the conclusion that this motion must be denied." *LoCascio,* 462 F.Supp.2d at 341 (emphasis added). The *Strickland* test for ineffectiveness of counsel requires a showing that counsel's performance was objectively unreasonable and prejudiced the client, that is, that there

is a reasonable probability that but for counsel's professional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. However, prejudice is presumed where a defendant shows an actual conflict that adversely affected his counsel's performance. *Id.* at 692, 104 S.Ct. 2052; *LoCascio,* 395 F.3d at 56. The *Strickland* standard of prejudice therefore did not apply in this case, but it was referred to only after Judge Glasser had already determined that no relief was warranted under the proper standard applicable to an alleged actual conflict of interest. Therefore, the reference to the alter-

possible." *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147. Judge Glasser's decision to hold Cardinale in contempt in 1992 (which Judge Glasser subsequently vacated), and his rulings on LoCascio's numerous motions over the past fourteen years, *see* *LoCascio,* 372 F.Supp.2d at 306 n. 2, do not raise even a suspicion of a "deep-seated and unequivocal antagonism that would render fair judgment impossible," *Liteky,* 510 U.S. at 556, 114 S.Ct. 1147.[2]

■ LoCascio contends that Judge Glasser's comment to an interviewer following the criminal trial manifests his "dismissive attitude about the threat of bombs planted in his chambers[, which] would certainly lead any objective observer to question his ability to disassociate his own personal feelings from those that frightened Anthony Cardinale." LoCascio's argument is based on the following exchange:

> *[Interviewer:]* Did ... you feel intimidated during the trial?
>
> *Judge Glasser:* No.

We see nothing in Judge Glasser's one-word response that might indicate a "dismissive attitude" about bomb threats, or raise any doubt in the mind of a reasonable person as to his ability to decide the present case fairly. *See United States v. Bayless,* 201 F.3d 116, 126–27 (2d Cir.2000) (stating that under the objective partiality standard of 28 U.S.C. § 455(a), the Court must determine "the existence of the appearance of impropriety ... not by considering what a straw poll of the only partly informed man-in-the-street would show[,] but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge" (second alteration in original; internal quotation marks omitted)), *cert. denied,* 529 U.S. 1061, 120 S.Ct. 1571, 146 L.Ed.2d 474 (2000). If anything, Judge Glasser's remark *confirms* his capacity to disassociate his own personal feelings and focus solely on the merits of the case before him.

■ In his brief to this Court, LoCascio cites another remark as constituting grounds for recusal, specifically, Judge Glasser's comment during a January 2003 scheduling hearing that he may institute disbarment proceedings against Cardinale. LoCascio did not raise this argument in his recusal motion to the District Court. Although we are not required to consider issues raised for the first time on appeal, we do so here to dispel any insinuation of bias or partiality on the part of Judge Glasser. *See Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994) (stating that a panel may, in its discretion, consider an issue raised for the first time on appeal "if the elements of the claim were fully set forth and there is no need for additional fact finding"). First, we find that the comment, read in context,[3] cannot reasonably

---

native holding under *Strickland* does not require a remand.

**2.** *See, e.g., United States v. Locascio,* 6 F.3d 924 (2d Cir.1993) (affirming judgment of conviction against challenges to the District Court's impanelment of an anonymous sequestered jury, disqualification of defense attorneys, admission of expert testimony on crime families, giving of certain jury instructions on murder and murder conspiracy, refusal to sever LoCascio's trial, and denial of motion for new trial); *United States v. Gotti,* 166 F.3d 1202, 1998 WL 870230, at *1 (2d Cir. Dec.8, 1998) (unpublished disposition) (affirming the District Court's denial of a subsequent motion for new trial and stating, "Judge Glasser carefully considered, and ultimately rejected, each of these contentions.... Although LoCascio attempts to recast some of these arguments before this court, we are not persuaded that we should disturb any of Judge Glasser's carefully reasoned holdings on this appeal"), *aff'g* 171 F.R.D. 19 (E.D.N.Y. 1997).

**3.** We excerpt the relevant portion of the transcript below:

be construed as exhibiting personal animosity towards Cardinale or LoCascio (neither of whom was present), or displaying hostility towards LoCascio's claim. Rather, Judge Glasser was simply noting some issues that might require further consideration, for purposes of setting a briefing schedule on LoCascio's motion. In any event, because the comment revealed neither "an opinion that derives from an extrajudicial source" nor "such a high degree of favoritism or antagonism as to make fair judgment impossible," it did not warrant disqualification. *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147; *see id.* at 556, 114 S.Ct. 1147.

■ Second, although LoCascio now contends that Judge Glasser's "threat" against Cardinale is indisputable proof of the lingering "friction between these two formidable forces," the record shows that LoCascio did not seek Judge Glasser's recusal at any reasonable time following the January 2003 hearing. As we have made clear, "recusal motions are to be made 'at the earliest possible moment after obtaining knowledge of facts demonstrating the

basis for such a claim.'" *Gil Enters., Inc. v. Delvy,* 79 F.3d 241, 247 (2d Cir.1996) (quoting *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir.1987)). There are at least two reasons for this rule: "First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, *a prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." Id.* (quoting *In re Int'l Bus. Mach. Corp.,* 45 F.3d 641, 643 (2d Cir.1995)). Here, LoCascio made no mention of the above remark until *after* the District Court had denied his motion to amend and *after* it had denied his § 2255 petition. This protracted and unexplained delay provides yet another reason for rejecting this new ground for relief. *See id.; United States v. Daley,* 564 F.2d 645, 651 (2d Cir.1977), *cert. denied,* 435 U.S. 933, 98 S.Ct. 1508, 55 L.Ed.2d 530 (1978); *see also Apple,* 829 F.2d at 334 (holding that in determining

THE COURT: ... It's a very discrete issue raised by this motion, the issue, permission or what you want to call it to amend the pleading and to conduct some hearing in open court. That's what it's about. I don't know why it should take 90 days to respond to a motion to amend the complaint whether I grant it. I granted [the government's] request for 90 days but when I got [the] letter [from Mr. White, petitioner's counsel], I was compelled to ask myself does the government need 90 days? You don't have to review the entire transcript of this trial to respond to this motion.

MR. BOURTIN [Assistant U.S. Attorney]: Not the entire transcript, but certainly some significant portions of it.

THE COURT: That would be something that you may want to do should a hearing be held, should Mr. White's motion for a hearing be granted. You may want an opportunity to examine the transcript about the cross-examination by Mr. Cardinale for purposes of ascer-

taining whether there's any merit to the motion and for the purpose of preparing cross-examination. Reading the testimony doesn't take three months to review. There's also a rather interesting issue, I think, Mr. LoCascio is represented by two lawyers at trial, the second one being a very experienced and able lawyer, John Mitchell which may have some bearing upon Mr. LoCascio's—Mr. Cardinale—well, I suppose he's well aware of the fact should he testify to what it is he says he's testifying, there may be some proceeding which would be instituted by me to have him disbarred at the very least but I don't think we need three months to do that.

MR. BOURTIN: We'll respond by whatever date your Honor deems appropriate.

THE COURT: You have the transcripts. You have the record of that trial. It would seem to me 45 days is more than enough, give you an opportunity to read that cross-examination....

the untimeliness of a recusal motion, some relevant factors include "whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay" (citations omitted)).

■ In his final argument, LoCascio asserts that Judge Glasser should have referred the recusal motion to a different judge instead of deciding it himself. However, as LoCascio acknowledges in his brief, the mere filing of an affidavit of prejudice does not require referral. *See Apple,* 829 F.2d at 333. "On the contrary, we have held that a judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily, particularly 'where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience.'" *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.,* 572 F.2d 953, 958 (2d Cir.1978) (quoting *Rosen v. Sugarman,* 357 F.2d 794, 797–98 (2d Cir. 1966)), *cert. denied,* 439 U.S. 1072 (1979). To be legally sufficient, an affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Wolfson v. Palmieri,* 396 F.2d 121, 124 (2d Cir.1968) (internal quotation marks omitted). For the reasons discussed above, we find that nothing in LoCascio's affidavit even approached this standard. Accordingly, we conclude that Judge Glasser properly discharged his duty in declining to refer the recusal motion to another judge.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.