11-1559-cr
United States v. Ali

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                      *Circuit Judges,*
             MIRIAM GOLDMAN CEDARBAUM,
                      *District Judge.**

---

UNITED STATES OF AMERICA,

                      *Appellee,*

             -v.-                                    11-1559-cr

RAFAQAT ALI, AKA MOHAMMAD SHAH, AKA
MOHAMMAD RAZA, AKA MOHAMAD ASLAM,

                      *Defendant-Appellant.*

---

FOR APPELLANT:      Laurie S. Hershey, Manhasset, NY.

FOR APPELLEE:       Stephen J. Meyer, David C. James,
                    Assistant United States Attorneys, *for*

---

* The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Rafaqat Ali appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*), following his guilty plea to possessing fifteen or more unauthorized access devices (credit cards), in violation of 18 U.S.C. § 1029(a)(3). The district court sentenced Ali to 48 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ali contends that the District Judge should have recused herself on the basis of partiality under 28 U.S.C. § 455(a) and on the basis of bias under 28 U.S.C. § 455(b)(1). We review a district court's decision to deny a recusal motion for abuse of discretion. *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness—whether an

2

objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (alteration in original) (internal quotation marks omitted).

We have reviewed the record in light of Ali's specific allegations, and we find his arguments to be wholly without merit. Ali contends that partiality and bias were evidenced by several statements made by the District Judge during the course of his proceedings. Ali's grounds for recusal are inadequate; none of the District Judge's statements relied upon knowledge acquired outside Ali's proceedings nor "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994). Accordingly, neither Section 455(a) nor Section 455(b)(1) required recusal.

Ali also contends that his above-Guidelines sentence was unreasonable. Our review of the reasonableness of a sentence is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 26-27 (2d Cir. 2006). Having determined that there was no procedural error in Ali's sentence, we consider the substantive

reasonableness of his sentence, "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*).

The district court was well within its discretion to give great weight to the fact that, after Ali had pled guilty and while he was released on bail and cooperating with the government, he continued to engage in credit card fraud. Ali's post-plea criminal conduct gave the district court adequate basis not only to deny the three-level reduction for acceptance of responsibility, but also to impose a greater sentence in consideration of the 18 U.S.C. § 3553(a) sentencing factors. The district court, likewise, was well within its discretion in deciding not to reduce Ali's sentence based on his family circumstances, especially in light of the severity of his crime and his post-plea criminal conduct. We find no reason to believe that the district court placed undue weight on these considerations. *See Cavera*, 550 F.3d at 191.

Finally, the record clearly refutes Ali's claim that the district court improperly punished him for his assault arrest. The district court stated at both sentencing proceedings that it would not consider that arrest for sentencing purposes. Nothing in the record suggests that the district court did otherwise. The district court's sentence was "within the range of permissible decisions," *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009), and was thus substantively reasonable.

We have considered Ali's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk