11-3570-cr
United States v. LoCascio

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand twelve.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
      JOHN M. WALKER, Jr.,
                <u>Circuit Judge</u>,
      SANDRA DAY O'CONNOR,
                <u>Associate Justice (Retired)</u>.*

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
     <u>Appellee</u>,

     -v.-                         **11-3570-cr**

JOHN GOTTI, SALVATORE GRAVANO, GUISEPPE GAMBINO, AKA JOE, AKA JOEY, PHILIP LOSCALZO, AKA SKINNY PHIL,
     <u>Defendants</u>,
FRANK LOCASCIO,
     <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

---

* The Honorable Sandra Day O'Connor, Associate Justice (Retired) of the United States Supreme Court, sitting by designation.

**FOR APPELLANT:**  Ruth M. Liebesman, Teaneck, New Jersey.

**FOR APPELLEE:**  Peter A. Norling, Taryn A. Merkl, for Loretta E. Lynch, United States Attorney's Office for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Glasser, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Frank LoCascio appeals from an order entered on August 24, 2011, in the United States District Court for the Eastern District of New York (Glasser, J.) denying his motion to unseal certain wiretap recordings and portions of his trial transcript.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

LoCascio, a former underboss of the Gambino Crime Family, is serving a life sentence after his 1992 conviction (with co-defendant John Gotti) on charges of racketeering, murder, and related offenses.  The present motion is the latest in a series of LoCascio's challenges to conviction.  Here, he requests that the government release wiretap recordings played during his trial for further testing by a defense expert, analogizing recent advances in audio technology to advances in DNA testing.  He also seeks certain portions of his trial transcript that were filed under seal.

LoCascio contends that he has a due process right to the audio recordings played during his trial, but he fails to cite any authority in support of this proposition.  Even if his somewhat tenuous analogy to DNA evidence is warranted, the Supreme Court has declined to recognize "a

2

freestanding right to access DNA evidence for testing."[1] <u>District Attorney's Office for Third Judicial Dist. v. Osborne</u>, 557 U.S. 52, 72 (2009).

LoCascio's motion is also procedurally barred. He already filed a § 2255 petition, which was denied. <u>LoCascio v. United States</u>, 473 F.3d 493 (2d Cir. 2007). If LoCascio were to file a "second or successive petition" under § 2255, it would be dismissed unless it asserted either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Even if he were granted the discovery he now seeks, LoCascio could establish neither.[2]

Finding no merit in LoCascio's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] LoCascio does not expressly assert a procedural due process claim, but assuming one is encompassed within his appeal, he has failed to establish that the post-conviction relief procedures afforded to him are "fundamentally inadequate to vindicate the substantive rights provided." <u>Osborne</u>, 557 U.S. at 69.

[2] LoCascio improperly filed this motion with the district court rather than first seeking certification from this Court, as required by § 2255. <u>See</u> 28 U.S.C. § 2255(h).

3