17-2901-cv
El Omari v. Kreab Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of August, two thousand eighteen.

Present:     JON O. NEWMAN,
                    ROSEMARY S. POOLER,
                              *Circuit Judges*.
                    DENISE COTE,[1]
                              *District Judge*.

_____

OUSSAMA EL OMARI, AN INDIVIDUAL AND
UNITED STATES CITIZEN RESIDING
IN THE STATE OF NORTH CAROLINA,

                    *Plaintiff-Appellant*,

                    v.                                                    17-2901-cv

KREAB (USA) INC., RAS AL KHAIMAH FREE TRADE
ZONE AUTHORITY, A CORPORATION ORGANIZED
UNDER THE LAWS OF RAS AL KHAIMAH, UNITED ARAB
EMIRATES, AKA R.A.K. FREE TRADE ZONE AUTHORITY,
AKA RAKFTZA, SHEIKH SAUD BIN SAQR AL QASIMI,
THE ARKIN GROUP LLC,[2]

                    *Defendants-Appellees*.

---

[1] Judge Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellant:      Scott M. Moore, Moore International Law PLLC, New York, N.Y.

Appearing for Appellee
Kreab (USA) Inc.:      Claudia G. Cohen, Davis & Gilbert LLP (James R. Levine, *on the brief*), New York, N.Y.

Appearing for Appellee
The Arkin Group LLP:      Mercedes Colwin, Gordon Rees Scully Mansukhani, LLP (Ryan Sestack, Brian P. FitzGerald, *on the brief*), New York, N.Y.

Appearing for Appellees
Ras Al Khaimah Free Trade
Zone Authority and
Sheikh Saud Bin Saqr
al Qasimi:      Linda C. Goldstein, Dechert LLP (Amanda Rios, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Oussama El Omari appeals from the August 22, 2017 judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) dismissing his second amended complaint that asserted claims arising out of his termination as chief executive officer and director general of the Ras Al Khaimah Free Trade Zone Authority ("RAKFTZA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm, primarily for the reasons set forth in the district court's thorough and well-reasoned opinions. *Omari v. Ras Al Khaimah Free Trade Zone Authority*, 2017 WL 2271536 (S.D.N.Y. May 1, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Authority*, 2017 WL 3896399 (S.D.N.Y. Aug. 18, 2017).

The district court was well within its discretion to deny the recusal motion. "Recusal motions are committed to the sound discretion of the district court, and this Court will reverse a decision denying such a motion only for abuse of discretion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). In deciding whether a district court abused its discretion in deciding not to recuse, an appellate court must ask: "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (citation omitted). We find the district court did not exceed its discretion in refusing to recuse itself on the basis of a brief ex parte conversation between a law clerk and counsel regarding the proper procedure for how to request a document be sealed.

We also agree that the claim against RAKFTZA was properly dismissed pursuant to the Foreign Sovereign Immunities Act ("FSIA"). FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States" unless the litigation falls under a statutory exception. 28 U.S.C. § 1604. At issue here is the exception for commercial activity, which states in relevant part that a foreign state is not immune from suit "in any case—"

> in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2). "Commercial activity" is defined as:

> [E]ither a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

28 U.S.C. § 1603(d). Our decision in *Kato v. Ishihara* controls here. In *Kato* we distinguished promotion of commerce from commerce itself: "[T]he fact that a government instrumentality ... is engaged in *the promotion of commerce* does not mean that the instrumentality is thereby engaged in *commerce*." *Kato v. Ishihara*, 360 F.3d 106, 112 (2d Cir. 2004). "The promotion abroad of the commerce of domestic firms is a basic—even quintessential—governmental function." *Id.* The RAKFTZA was created by a decree to manage the Free Trade Zone, and to issue licenses to businesses that operate there. The RAKFTZA is charged with promoting, developing and operating the Free Trade Zone. The fact that the RAKFTZA shares some traits with a private corporation does not transform it into a private entity. The district court correctly determined that "RAKFTZA acted as a creator and regulator of markets rather than as a private player within them, and engaged in the promotion of commerce rather than in direct commerce." *Omari*, 2017 WL 3896399, at *9 (S.D.N.Y. 2017) (quotation marks omitted).

We have considered the remainder of El Omari's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3