*Roblero Gonzalez v. Whitaker*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand nineteen.

PRESENT:  GUIDO CALABRESI,
JOSÉ A. CABRANES,
DENNY CHIN,
*Circuit Judges.*

---

URIAS OLIVER ROBLERO GONZALEZ,

*Petitioner,*                                    17-3815

v.

MATTHEW G. WHITAKER, ACTING UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

---

**FOR PETITIONER:**                              Jose Perez, Syracuse, NY.

**FOR RESPONDENT:**                                    Margot P. Kniffin, Trial Attorney, Office
                                                       of Immigration Litigation, U.S
                                                       Department of Justice, Civil Division
                                                       (Jessica A Dawgert, Senior Litigation
                                                       Counsel, *on the brief*) *for* Joseph H. Hunt,
                                                       Assistant Attorney General, United States
                                                       Department of Justice, Civil Division,
                                                       Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Urias Oliver Roblero Gonzalez ("Roblero Gonzalez"), a native and citizen of Mexico, seeks review of an October 23, 2017 decision of the Board of Immigration Appeals ("BIA") affirming a February 28, 2017 decision of an Immigration Judge ("IJ") denying Roblero Gonzalez's motion to recuse and motion for a continuance.[1] *In re Urias Oliver Roblero Gonzalez,* No. A205 974 849 (B.I.A. Oct. 23, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an IJ's denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). We will, however, find an IJ to have abused his discretion in denying a continuance if "(1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 551-52 (internal citations and brackets omitted). We review the decision to grant or deny motions for recusal for abuse of discretion. *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). On appeals from the BIA, we review findings of fact under the "substantial evidence" standard. *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Here, Roblero Gonzalez argues that the IJ should have recused himself because of "his personal animosity against Counsel." Br. Petitioner 10. To support this claim of animosity, Roblero Gonzalez relies on a series of "decisions from Judge Montante" in this and previous cases, as well as

---

[1] It appears that Roblero Gonzalez does not challenge, and did not challenge before the BIA, his actual order of removal. Insofar as such an appeal is implicit in, and based on, the above procedural challenges, we deny that appeal as well for the reasons stated herein.

his counsel's impression that "Judge Montante had scolded counsel" on several previous occasions. *Id.* at 5.[2]

Next, Roblero Gonzalez argues that the IJ should have granted him an (additional) continuance based on his counsel's "asserted lack or [sic] preparation and . . . request for opportunity to obtain and present additional evidence." *Id.* at 12. Roblero Gonzalez argues the IJ abused his discretion in denying this continuance because there had been a "diligent good faith effort" to proceed and the lack of continuance caused actual prejudice and "materially affected the outcome." *Id.*

After review of the whole record, we reject each of Roblero Gonzalez's arguments.

First, we agree with the BIA's conclusion that "the Immigration Judge's statements on the record in this particular case do not support a finding that he was biased or had pre-judged the case." Admin. Rec. 3. In particular, we note that the IJ treated Roblero Gonzalez with courtesy and afforded him ample time (from October 7, 2015 until April 8, 2016) to retain an attorney and prepare a defense. *See, e.g.,* Admin Rec. 103-09. Neither the IJ's adverse rulings against Roblero Gonzalez's counsel in this case or other cases, nor his insistence on proceeding after multiple delays in this case provides a basis for alleging judicial bias. *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

Second, we agree with the BIA's conclusion that the IJ did not abuse his discretion in denying a motion for a continuance. At prior hearings, the IJ had already granted Roblero Gonzalez six months to retain counsel and prepare a defense, and delayed the proceedings an additional 30 days for attorney preparation. Moreover, Roblero Gonzalez raises no specific argument for how the lack of continuance produced actual prejudice or materially affected the outcome.[3] In light of these circumstances, we cannot say that the IJ's decision "rests on an error of law . . . or a clearly erroneous factual finding or . . . cannot be located within the range of permissible decisions." *Morgan,* 445 F.3d at 551-52.

---

[2] Petitioner's Brief does not contain the details of these allegations. They appear, however, in Roblero Gonzalez's original Motion to Recuse. Admin. Rec. 140-48.

[3] Counsel for Roblero Gonzalez hints that there might be grounds for suppression of some evidence, and even asserted to the IJ that he had a suppression motion "ready to be filed." Admn. Rec. 26. To date, however, Roblero Gonzales has neither produced such a motion nor explained its purported basis in fact or law.

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**. Having completed our review, any pending motion for a stay of removal in this petition is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk