22-1742-cr
*United States v. Lewis*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

United States of America,

      *Appellee*,

      v.                      22-1742

Oswald A. Lewis, AKA Alexander Louis, AKA Andrew Jackson, AKA John Green, AKA Junior,

      *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Jonathan P. Lax, Susan Corkery, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Oswald A. Lewis, *pro se*, Fort Dix, NJ. |

Appeal from a post-judgment order of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Oswald Lewis, proceeding *pro se*, appeals the district court's denial of his motions (1) requesting reconsideration of a previously denied motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (2) renewing his request for compassionate release under Section 3582(c), and (3) seeking recusal.

In 2016, Lewis was sentenced to 288 months of imprisonment for convictions related to the unlawful possession and use of a firearm against United States Marshals and New York City police detectives who were trying to arrest him. *See United States v. Lewis*, 818 F. App'x 74, 76–77 (2d Cir. 2020) (discussing the background of the case on direct appeal and appeal from the denial of his 28 U.S.C. § 2255 motion). Lewis later filed a motion for compassionate release under § 3582(c)(1)(A), arguing that his health conditions, the COVID-19 pandemic, and his rehabilitation while in custody all constituted extraordinary and compelling reasons warranting a sentence reduction. The district court denied the motion, finding no extraordinary circumstances and reasoning that the "brazenness" of his offense, his "lack of remorse and denial of responsibility," his "long-running disrespect for the law," and the percentage of sentence served all weighed against reducing his sentence. *United States v. Lewis*, No. 14-CR-0523 (ILG), 2022 WL 1205093, at *3–4 (E.D.N.Y. Apr. 22, 2022).

Relevant to this appeal, Lewis moved for reconsideration of the previous denial, renewed his request for compassionate release, and sought recusal, this time adding arguments regarding

errors in his underlying criminal proceedings and claims that the district judge was biased against him. The district court denied Lewis's request for reconsideration as untimely. *See United States v. Lewis*, 617 F. Supp. 3d 110, 114 (E.D.N.Y. 2022). It also denied his renewed request for compassionate release, noting that the sentencing factors continued to weigh against a sentence reduction. *Id.* at 114–15. Finally, the court denied Lewis's request for recusal as untimely— because it was brought more than six years after trial and the entry of judgment—and otherwise without merit. *Id.* at 113–14. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

**I.     Reconsideration and Renewed Application for Compassionate Release**

We review a denial of compassionate release or denial of reconsideration for abuse of discretion, which we will find only if the district court has based its ruling on an erroneous view of the law, clearly erred in its assessment of the facts, or rendered a decision beyond the range of permissible outcomes. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (compassionate release); *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015) (reconsideration). A sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can be granted only if a defendant shows both extraordinary and compelling circumstances warranting release *and* a favorable weighing of the § 3553(a) sentencing factors, so if either "one of those conditions is lacking, [a court] need not address" the other. *Keitt*, 21 F.4th at 73. The district court's discretion is "broad," as it is in "all sentencing matters." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Here, the district court acted well within its broad discretion in denying Lewis's motion for compassionate release based on the § 3553(a) sentencing factors. The district court appropriately considered, among other things, the brazen nature of the offense, Lewis's refusal to accept responsibility, his criminal history, and the portion of his sentence already served. *See* 18 U.S.C.

§ 3553(a)(1)–(2); *Lewis*, 617 F. Supp. 3d at 115. The district court did not abuse its discretion by denying Lewis's untimely motion for reconsideration or his renewed motion for compassionate release.

**II. Motion for Recusal**

We review the denial of a motion for recusal for abuse of discretion. *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). The district court correctly rejected Lewis's request for recusal as untimely. Lewis's argument is based primarily on his dissatisfaction with the district court's conduct at his trial back in 2016. He thus failed to move for recusal "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Id.* at 497 (internal quotation marks and citation omitted). Moreover, the record does not indicate that the district court engaged in conduct requiring recusal. *See id.* at 495–97.

\* \* \*

We have considered Lewis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court