23-6440(L)
United States v. Constantine

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-five.

PRESENT:  REENA RAGGI,
          RICHARD C. WESLEY,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee*,

    v.                                        Nos. 23-6440(L)
                                                  23-6474 (Con)
                                                  23-6879 (Con)

GEORGE CONSTANTINE,
ANDREW DOWD,

       *Defendants-Appellants*,

MARC ELEFANT, SADY RIBERIO,

ADRIAN ALEXANDER,

> *Defendants.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLEE: | ALEXANDRA N. ROTHMAN, Assistant United States Attorney (Nicholas S. Folly, Danielle Kudla, David Abramowicz, Assistant United States Attorneys, *on the brief*) *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY |
| FOR DEFENDANT CONSTANTINE: | DONNA ALDEA (Matthew Keller, *on the brief*), Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY |
| FOR DEFENDANT DOWD: | JOHN P. ELWOOD, Arnold & Porter Kaye Scholer LLP, Washington, DC (Kolya D. Glick, Matthew L. Farley, Arnold & Porter Kaye Scholer LLP, Washington, DC, Michael K. Krouse, Arnold & Porter Kaye Scholer LLP, New York, NY, *on the brief*) |

Appeal from judgments of the United States District Court for the

Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Defendants-Appellants George Constantine and Andrew Dowd appeal from amended judgments of conviction entered on July 20, 2023 in the United States District Court for the Southern District of New York (Stein, *J.*). The District Court sentenced each Appellant to 102 months' imprisonment for their part in a fraudulent slip-and-fall conspiracy. It also ordered restitution as to Constantine for $7,320,657, and as to Dowd for $8,117,011. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Five co-conspirators were indicted in 2019 for their roles in the same scheme at issue here. Two pleaded guilty, and three were convicted after a trial (the "*Duncan* trial"). The Appellants and three additional co-conspirators were indicted two years later. A jury found the Appellants guilty of mail fraud, wire fraud, and conspiracy in violation of 18 U.S.C. §§ 1341, 1343, and 1349. The Appellants appeal the amended judgments of conviction, and, in Dowd's case, the order of restitution.

Although the Appellants mount several challenges, none of which provide a basis for reversal, we focus on their principal arguments on appeal.

## I. The Recusal Motion

A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), as when "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal," *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quotation marks omitted). But "a judge's comments during a proceeding that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases," do not ordinarily require recusal. *United States v. Wedd*, 993 F.3d 104, 115 (2d Cir. 2021) (quotation marks omitted).

Both Appellants argue that Judge Stein should have granted Dowd's recusal motion given his comments at sentencing in the *Duncan* trial, over which he presided, that he "hope[s]" the government continues to investigate the "corrupt lawyers, the corrupt doctors who were involved in this scheme." Joint App'x 183–84. We conclude that the District Court did not abuse its discretion in denying the recusal motion based on these comments. *See LoCascio v. United*

*States*, 473 F.3d 493, 497 (2d Cir. 2007). Viewed in context, the comments were not directed at and did not refer to the Appellants but, rather, generally referenced the scope of the criminal scheme and the propriety of a full investigation. The fact that Judge Stein imposed significantly below-Guidelines sentences on these Appellants further undermines their insistence that he harbored any bias against them.

## II.     The Bill of Particulars

Dowd contends that the District Court erred in denying his motion for a bill of particulars. *See* Fed. R. Crim. P. 7(f). We review for abuse of discretion. *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999). A bill of particulars is appropriate where "[t]he relevance of key events was shrouded in mystery at the commencement of and throughout the trial," such that the "burden of proof impermissibly was shifted." *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987). In this case, however, the indictment alleged that Dowd "almost invariably recommended" unnecessary surgeries on patients referred by co-conspirators. App'x 52. The Government also provided the records from the *Duncan* trial, thereby supplying the Appellants a roadmap of its trial strategy and an understanding of the charged conspiracy. *See United States v. Salazar*, 485

5

F.2d 1272, 1278 (2d Cir. 1973). Armed with this information, Dowd "was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, [so] the trial court has not abused its discretion." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quotation marks omitted); *accord United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004).

## III.   Evidentiary Challenges

### A. Insurance Investigator Arce's Testimony

Dowd and Constantine argue that the District Court erred in admitting lay opinion testimony from Tara Arce, a claims investigator with Travelers Insurance. They argue that portions of Arce's testimony constituted expert opinion "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). We review for abuse of discretion and apply a harmless error standard. *See Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 183 (2d Cir. 2004).

We assume without deciding that Arce's testimony crossed the line into providing an expert opinion that was improperly admitted at trial. Dowd and Constantine claim to be especially prejudiced by Arce's testimony that the insurance claims associated with Dowd and Constantine raised obvious "red

6

flags." App'x 887. That testimony in particular, they assert, supported the Government's conscious avoidance theory of the Appellants' guilt.

We conclude that any error in admitting Arce's testimony was harmless. Importantly, the District Court struck most of the "red flags" part of Arce's testimony and instructed the jury to disregard it. App'x 888. Moreover, the Government never mentioned the testimony in its closing argument to the jury, referring instead to other "red flags" that alerted the Appellants to the fraudulent scheme.

There was also significant proof besides Arce's testimony that the Appellants knowingly participated in the charged scheme. For example, Dowd routinely paid Peter Kalkanis, a cooperating witness, $1,000 in referral fees for uninjured patients who were brought to Dowd's office. Kalkanis and other witnesses testified that paid runners drove several patients at a time to Dowd's office. And Dowd repeatedly conducted surgery on patients after no or only cursory physical examinations and also falsified his medical records.

There was likewise strong proof of Constantine's knowing participation in the fraudulent scheme. This included evidence that Constantine paid runners $1,000 per client to bring him several low-income patients at a time who falsely

claimed to have had trip-and-fall accidents, instructed them to lie in depositions, and filed hundreds of lawsuits alleging the same type of accident and resulting in the same type of medical treatment. Finally, in determining that any error in admitting Arce's testimony was harmless, we note that the District Court offered to give a limiting instruction that Arce was not opining that the Appellants had engaged in any fraud, but the Appellants declined the instruction.

## B. Legal and Medical Ethics Evidence

Dowd argues that Dr. Neil Roth's testimony regarding professional rules prohibiting doctors from paying for referrals was irrelevant and thus improperly admitted. Both Constantine and Dowd also contend that the District Court erred in instructing the jury that it could consider the improper payment of referral fees in determining whether either Appellant knew he was participating in an illegal conspiracy. We review evidentiary rulings for abuse of discretion, *United States v. Cummings*, 858 F.3d 763, 771 (2d Cir. 2017), and jury instructions *de novo*, *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006).

We start with the testimony of Dr. Roth, which Dowd maintains improperly invited the jury to speculate that Dowd violated professional ethical rules and therefore had a propensity for being dishonest. We disagree that

8

evidence of the professional rules relating to referral fees was improperly admitted. The Appellants argue that they had no reason to think that there was anything wrong with this particular set of clients or patients. That each Appellant was prepared to risk incurring professional sanctions in order to obtain their clients or patients was relevant, however, to show that they knew or had reason to know that those individuals' cases were not legitimate. In addition, the District Court's instruction that the Appellants were "not on trial for violating any professional rules" against referral fees made clear to the jury that it needed more than a violation of those rules to find the Appellants guilty of participating in the charged fraud. App'x 1167.

### C. Evidence of Underreported Income Tax

Dowd next argues that the District Court erred in admitting evidence pertaining to *underreported* income in his tax returns. He claims that only a defendant's failure to disclose *all* income, thereby concealing the source of the income entirely, is admissible. *See, e.g.*, *United States v. Valenti*, 60 F.3d 941, 946 (2d Cir. 1995). We disagree. That Dowd failed to report approximately half of the income he derived from the scheme is some evidence of consciousness of guilt and an effort to conceal his participation in the fraudulent scheme. In any

9

event, given "the overall strength of the prosecution's case" against Dowd, any error in admitting the income tax evidence was harmless. *United States v. Natal*, 849 F.3d 530, 537 (2d Cir. 2017) (quotation marks omitted).

### D. Sufficiency of the Evidence Challenge

For the same reasons, we conclude that there was sufficient evidence that Constantine was aware of the fraudulent scheme. We need look no further than Kalkanis's testimony that he and Constantine agreed to bring fraudulent cases. Viewed in the light most favorable to the government, Kalkanis's testimony alone, which the jury was entitled to credit, is sufficient to support the verdict. *See United States v. Silver*, 864 F.3d 102, 113 (2d Cir. 2017).

### IV. Sentencing Guidelines

Constantine challenges his sentence as procedurally unreasonable. The District Court adopted the presentence investigation report ("PSR") recommendation of a Guidelines offense level of 37 based in part on a 22-level increase under U.S.S.G. § 2B1.1(b)(1)(L) for an offense involving a total loss of more than $25 million, resulting in a Guidelines range of 210 to 262 months' imprisonment. To reach the total loss amount, the PSR properly included the *intended* loss from unsettled fraudulent cases, consistent with the Guidelines

10

commentary. *See* U.S.S.G. § 2B1.1(b)(1)(C)(ii). The Guidelines commentary is "binding authority" unless it is inconsistent with the Guideline it interprets. *United States v. Pedragh*, 225 F.3d 240, 244 (2d Cir. 2000). Constantine contends that they are no longer binding in light of *Kisor v. Wilkie*, 588 U.S. 558 (2019). That argument is foreclosed by our precedent. *See United States v. Rainford*, 110 F.4th 455, 475 & n.5 (2d Cir. 2024).

For the first time on appeal, Constantine separately argues that the District Court's calculation of his Guidelines range based on intended loss was unreasonable because it was not supported by record evidence. *See United States v. Coppola*, 671 F.3d 220, 249 (2d Cir. 2012). Because Constantine failed to raise this objection at sentencing, we review for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). We find no error in the District Court's calculation. The District Court used a method for calculating loss that we have approved, *see United States v. Moseley*, 980 F.3d 9, 29 (2d Cir. 2020) (approving calculation based on percentage of business revenue derived from criminal activity); *Rainford*, 110 F.4th at 476, and the figures it used in the calculation are adequately supported by the record, *see United States v. Cramer*, 777 F.3d 597, 602 (2d Cir. 2015).

Nor did the District Court, which enjoys broad discretion to grant or deny evidentiary hearings at sentencing, *see United States v. Prescott*, 920 F.2d 139, 144 (2d Cir. 1990), err in denying Constantine's request for a *Fatico* hearing to determine factual issues underlying the Guidelines calculations. This is especially true where the District Court stated that Constantine's sentence, which was well below the calculated Guidelines range, would be the same even without the challenged enhancements.

## V.    Restitution

Dowd principally argues that the District Court's order of restitution should be vacated because it was imposed without notice or opportunity to be heard. We disagree. The District Court entered the restitution order on July 20, 2023, ten days after the Government submitted a proposed order that it had sent to Dowd two weeks earlier. All this comported with the District Court's statement at sentencing on April 25, 2023 that it planned to order restitution within 90 days. Dowd had ample notice and opportunity to object.

Dowd next relies on *United States v. Aumais*, 656 F.3d 147 (2d Cir. 2011), to argue that the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(h), forbids imposing joint and several liability on defendants indicted and tried separately.

12

But *Aumais* involved hundreds of defendants tried separately in hundreds of different jurisdictions, interpreted a different statute, and was concerned with administrability and double recovery. *Aumais*, 656 F.3d at 155–56. It is inapposite in this case where ten defendants involved in the same criminal conspiracy were convicted and sentenced in two cases handled by the same judge. *See generally id.* at 156 (suggesting that joint and several liability may still be imposed "when a single district judge is dealing with multiple defendants in a single case (or indictment)").

Finally, Dowd argues that the District Court erred in apportioning his level of contribution without regard to the harm caused by a co-defendant, Dr. Ribeiro. Again, we disagree and conclude that the District Court did not abuse its discretion in apportioning liability based on the fraudulent cases involving Dowd as a surgeon, especially when the court could have held Dowd "liable for payment of the full amount of restitution," for all the fraudulent cases involved in the conspiracy. 18 U.S.C. § 3664(h).

We have considered Dowd's and Constantine's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court