18-3444-cr
*United States v. Pilcher*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2019

No. 18-3444-cr

UNITED STATES OF AMERICA,
*Appellee*,

v.

JOHN PILCHER,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Vermont

SUBMITTED: JANUARY 28, 2020
DECIDED: FEBRUARY 6, 2020

Before: LEVAL, CABRANES, AND SACK, *Circuit Judges*.

1

———

Defendant-Appellant John Pilcher ("Pilcher") appeals from an August 6, 2018 judgment of the District Court (Geoffrey W. Crawford, *Chief Judge*) affirming the May 22, 2018 decision of the magistrate judge (John M. Conroy, *Magistrate Judge*) denying Pilcher's motion to file a habeas petition through the use of a pseudonym. For the reasons set forth below, we **AFFIRM** the District Court's judgment.

———

Lauren Almquist Lively, Assistant U.S. Attorney, *for* Christina E. Nolan, United States Attorney, for the District of Vermont, Burlington, VT, *for Appellee*.

John W. Pilcher, *pro se*, Essex, VT.

———

PER CURIAM:

This appeal calls for us to answer a jurisdictional question of first impression: whether the denial of a motion to file a habeas petition under a pseudonym is immediately appealable under the collateral order doctrine. We join several of our Sister Circuits in concluding that such denials are appealable under the collateral order doctrine. Having determined that we have jurisdiction in this appeal, we **AFFIRM** the August 6, 2018 decision of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Chief Judge*) affirming the decision of the magistrate judge denying Pilcher's motion to file a habeas petition through the use of a pseudonym.

## I.    Background

Appellant John Pilcher, *pro se*, filed a 28 U.S.C. § 2255 motion under seal challenging conditions imposed on him as a registered sex offender and certain special conditions of supervised release following his guilty plea to one count of possession of child pornography. He attached a letter to the motion requesting to proceed anonymously. In light of his *pro se* status, the magistrate judge construed Pilcher's letter as a formal motion and denied it. The magistrate judge noted that Pilcher was "not a plaintiff but a person who ha[d] plead[ed] guilty in open court and been sentenced for the commission of a crime."[1] The magistrate judge considered Pilcher's request pursuant to the law governing public access to court proceedings and records under the First Amendment and federal common law, Fed. R. Civ. P. 10(a)[2,] and the test governing the exception to the presumption of disclosure set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). After weighing applicable factors identified in *Sealed Plaintiff*, the magistrate judge denied Pilcher's motion reasoning that: (1) his conviction was "already in the public domain and his identity had not been confidential"; (2) his claim that he would be subject to retaliation and his children would be subject to physical and psychological danger if he were publicly identified in the proceeding on his pending § 2255 motion was "unsubstantiated speculation"; (3)

---

[1] Supplemental Appendix ("SA") at 74.

[2] Fed. R. Civ. P. 10 states that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."

his claim that his marriage might fail but for his filing under a pseudonym was "purely personal" and "insufficient to overcome the public's right of access under the First Amendment and common law"; and (4) his comparison of his effort to advance the post-release rights of individuals convicted of child pornography offenses to that of the plaintiff in *Roe v. Wade* was "utterly meritless."[3] Pilcher appealed, and the District Court affirmed. This appeal followed.

## II. Discussion

Our appellate jurisdiction is generally limited to "final decisions of the district courts."[4]  However, a district court order other than a final decision under § 1291 is appealable if the order falls within the "collateral order doctrine."[5] Under the collateral order doctrine, the order sought to be appealed must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."[6]

Although we have not decided, in a precedential opinion, whether an order deciding a motion to proceed under a pseudonym is immediately appealable under the collateral order doctrine, other Circuits have held that denials of anonymity, using fictitious names, or proceeding under a pseudonym

---

[3] SA at 75–76.

[4] 28 U.S.C. § 1291; *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014).

[5] *See e.g.*, *United States v. Culbertson*, 598 F.3d 40, 45–46 (2d Cir. 2010).

[6] *Id*. (internal quotation marks omitted).

fall under the collateral order doctrine.[7]

The district court's decision here conclusively determined the issue of whether Pilcher could proceed under a pseudonym; that issue is completely separate from the merits of his § 2255 motion; and it will be effectively unreviewable on appeal from final judgment on his § 2255 motion. We therefore hold that the denial of Pilcher's motion to proceed anonymously was an appealable collateral order. Accordingly, we have jurisdiction to consider this appeal.

## A. Standard of Review

We review "a district court's decision to grant or deny an application to litigate under a pseudonym . . . for abuse of discretion."[8] A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence" or when its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding— "cannot be located within the range of permissible decisions."[9] Additionally, a district court judge may reconsider any pretrial matter adjudicated by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[10]

---

[7] *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1066 (9th Cir. 2000); *James v. Jacobson*, 6 F.3d 233, 237–38 (4th Cir. 1993); *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979).

[8] *Sealed Plaintiff*, 537 F.3d at 190.

[9] *Virginia Properties, LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 113 (2d Cir. 2017) (internal quotation marks omitted).

[10] 28 U.S.C. § 636(b)(1)(A).

## B. Applicable Law

Rule 10(a) of the Federal Rules of Civil Procedure provides that "'[t]he title of [a] complaint must name all the parties,'" which "serves the vital purpose of facilitating public scrutiny of judicial proceedings[.]"[11] Identifying parties in a proceeding "is an important dimension of publicness," as "people have a right to know who is using their courts."[12]

*Sealed Plaintiff* set forth a balancing test under which courts should weigh "the plaintiff's interest in anonymity" against "both the public interest in disclosure and any prejudice to the defendant" and noted with approval the following ten "non-exhaustive" factors that courts could consider when assessing a party's request to proceed with a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if

---

[11] *Sealed Plaintiff,* 537 F.3d at 188 (quoting Fed. R. Civ. P. 10(a)).

[12] *Id.* at 189 (internal quotation marks omitted).

6

any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 189, 190 (internal quotation marks, brackets, ellipses, and citations omitted).

## C. Merits-Based Argument

In his brief on appeal, Pilcher does not directly challenge the rationale of the magistrate judge's decision in denying his motion to proceed under a pseudonym, or its affirmance by the district court. The closest Pilcher comes to challenging the court's rationale is in arguing that the magistrate judge erred in: (a) viewing his motion to proceed under a pseudonym as a "criminal motion", when habeas is a civil matter; and (b) in commenting that he was not a plaintiff but someone who had pleaded guilty and was sentenced. According to Pilcher, those comments betrayed the magistrate judge's view of his motion as a criminal motion, an error that underlay the entire ruling and prevented the magistrate judge from considering the balancing test that courts apply when determining whether a plaintiff would be allowed to maintain an action under a pseudonym.

Pilcher's arguments are without merit. The magistrate judge referred to Pilcher having pleaded to, and having been convicted of, a criminal charge only as background, not as the rationale underpinning his analysis. Indeed, the magistrate judge noted that the Federal Rules of Criminal Procedure did not

7

have any provision on proceeding under a pseudonym. He then expressly turned to the Federal Rules of Civil Procedure and the *Sealed Plaintiff* balancing test to adjudicate Pilcher's motion. The magistrate judge then explicitly and properly applied several of the *Sealed Plaintiff* factors in denying Pilcher's request to proceed under a pseudonym. Recognizing that there was "undoubtedly some social stigma and embarrassment surrounding" the nature of Pilcher's child pornography conviction (implicating the first factor), the magistrate judge also reasoned that, during the criminal proceeding, Pilcher's identity had not been kept confidential (implicating the seventh factor). The magistrate judge rejected as "unsubstantiated speculation" Pilcher's claim that he would be retaliated against, and that his family (particularly his children) would be harmed if he were denied the right to proceed anonymously (implicating the second, third and fourth factors). He similarly rejected Pilcher's claim that his marriage might otherwise fail as "purely personal" (implicating the first and fifth factors).

Accordingly, it is clear that the magistrate judge considered the proper legal principles governing the motion, including a presumption in favor of public access to court proceedings and records, and the exceptions to that presumption set forth in *Sealed Plaintiff*. In reviewing the magistrate's decision for clear error or to determine if the ruling was contrary to law, pursuant to 28 U.S.C. § 636(b)(1)(A), the District Court properly held that the magistrate judge's order did not rest "on an error of law . . . or a clearly erroneous factual finding"; that the conclusion was "located within the range of permissible decisions"; that the circumstances identified by Pilcher were insufficient to support an exception; and that it found "no error—clear or otherwise—in the magistrate judge's decision."[13] The District Court did not abuse its discretion in affirming the denial

---

[13] Special Appendix at 102–103.

of the motion.[14]

### D. Procedural Arguments

Pilcher also raises several procedural arguments that reflect a misunderstanding of the legal process, and the magistrate judge's role in that process. He argues that the District Court made three "unfair unilateral decisions" that violated his rights: (1) it interpreted his letter seeking to proceed under a pseudonym as a motion; (2) it assumed the letter was complete; and (3) it "outsourced" the review and decision of the motion to a magistrate judge without his consent. He claims that the court could have acknowledged his letter and required him to file a complete motion; had he known that his request would be met with "resistance" and "require a legal argument," he would have "provided [a] detailed rationale for his request with supporting documentation."[15]

It is well established that courts "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest."[16] Accordingly, because Pilcher's letter requested that he be allowed to proceed under a pseudonym and discussed in sufficient detail the reasons for that request, the magistrate judge properly construed the letter as a motion and considered Pilcher's arguments.

---

[14] *Virginia Properties, LLC*, 865 F.3d at 113.

[15] Appellant's Brief at 11–13.

[16] *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally[.]").

Pilcher's argument that the District Court "outsourced" his request for a pseudonym to an "administrative court" without his consent is also without merit. Consent of the parties was not required for the magistrate's adjudication of Pilcher's anonymity motion. Under Rule 10 of the Rules Governing Section 2255 Cases, "[a] magistrate judge may perform the duties of a district court under these rules, as authorized under 28 U.S.C. § 636." 28 U.S.C. 636(b)(1)(A) states that, with the exception of certain motions listed in the statute, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court."[17] Courts interpreting that provision have concluded that "dispositive motions" are excluded from the grant of that authority.[18] "The Supreme Court has construed this statutory grant of authority to mean that 'nondispositive' pretrial matters are governed by § 636(b)(1)(A) and 'dispositive' matters are covered by § 636(b)(1)(B)."[19] To the extent Pilcher's *pro se* complaint can be construed to argue that his motion to proceed anonymously was a

---

[17] 28 U.S.C. § 636(b)(1)(A) provides that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

[18] *Kiobel v. Millson*, 592 F.3d 78, 84 (2d Cir. 2010) (Cabranes, *J.*, *concurring*); *Id.* at 92 n.3 (Leval, *J. concurring*) (noting that the monikers "dispositive" and "nondispositive" are shorthand not to be taken literally).

[19] *Id.* at 84 (Cabranes, *J.*, *concurring*) (citing *Gomez v. United States*, 490 U.S. 858, 873–74 (1989)) (internal brackets and quotation marks omitted).

dispositive motion not properly delegated under § 636(b)(1)(A), we reject that contention. The non-exhaustive list of dispositive motions excluded under § 636(b)(1)(A) is often considered in conjunction with Federal Rule of Civil Procedure 72(a), which requires a district court to consider a party's timely objections to a magistrate judge's order deciding a "pretrial matter not dispositive of a party's claim or defense" and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[20] Federal Rule of Civil Procedure 72(a) defines a nondispositive matter as one that is "not dispositive of a party's claim or defense."[21] Pilcher's underlying claim is for modifications of the conditions of his supervised release; the motion to proceed anonymously concerns only the manner in which Pilcher will proceed on his underlying claim. The motion is not dispositive of his claim.[22]

Whereas the Federal Magistrates Act, § 636(c)(1), states that a magistrate judge may conduct "any or all proceedings . . . in a civil matter" "upon the consent of the parities,"[23] § 636(b)(1)(A) has no such consent requirement.

---

[20] *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008).

[21] Fed. R. Civ. P. 72

[22] In considering the strongest arguments Pilcher's *pro se* submissions may suggest, *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 141 (2d Cir. 2002), we note that it is at least plausible to argue that by denying Pilcher's motion, the magistrate has deterred Pilcher—who raises the "chilling effect" in his brief and is reluctant to press his claim without anonymity—from bringing his habeas claim. In that manner, it may be argued that the magistrate judge disposed of his underlying claim. *See Kiobel v. Millson*, 592 F.3d 78, 92 (2d Cir. 2010) (Leval, *J.*, *concurring*) ("[C]ourts have generally concluded that other rulings which would have the same effect of disposing of a party's claim (or of a defense) were also intended by Congress to be excluded from the powers of magistrate judges."). We do not, however, find that argument persuasive in the circumstances presented in this appeal.

[23] 28 U.S.C. § 636(c)(1).

11

Because Pilcher's motion to proceed anonymously was a nondispositive pretrial motion, the District Court was within its authority to designate the magistrate judge to adjudicate that motion without seeking Pilcher's consent.[24]

Pilcher next asserts that the Government's argument that the need for public transparency outweighs his need for a pseudonym is "disingenuous" because, Pilcher argues, "federal court documents are kept hidden behind PACER's paywall."[25]  This argument is meritless. Pilcher erroneously conflates the court charging fees for access to the Public Access to Court Electronic Records ("PACER") system, and thus the ability to retrieve records electronically, with First Amendment and common law protections of the right to access proceedings and copy public records. Charging fees for PACER access is authorized by statute, codified at 28 U.S.C. §§ 1913, 1914, 1926, 1932 (notes), and has no bearing on the right to gain access to court proceedings and documents.

Finally, Pilcher contends that, without pseudonyms, the speech of people (like himself) who make unpopular arguments challenging the government or unconstitutional statutes will be chilled; that such persons should be afforded special protections; and that the default position should be anonymity whenever such a person can argue that he has a reasonable fear of harm that would otherwise cause him not to file a petition. In *Sealed Plaintiff*, we held that pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption. Here, the magistrate judge considered, but rejected as speculative, Pilcher's

---

[24] The relevant local rules also provide that a "full-time United States magistrate judge is authorized to exercise all the powers and perform all duties conferred upon magistrate judges by 28 U.S.C. § 636, and to exercise the powers stated in the rules governing proceedings under 28 U.S.C. §§ 2254 and 2255." D. Vt. L.R. 72(a)(1).

[25] Appellant's Brief at 8, 13–15.

arguments that harm would befall him and his family if his name came to be public, and thus that Pilcher failed to rebut the presumption of disclosure.

## III. CONCLUSION

We have considered all of Pilcher's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 6, 2018 judgment of the District Court.