24-662-cv
*Sloley v. NYS DOCCS*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> > *Circuit Judges*.

––––––––––––––––––––––––––––––––––––––

Maxmillian Sloley, AKA BX,

> *Plaintiff-Appellant*,

v.                                                                                              24-662

New York State Department of Corrections and Community Supervision, Correction Officer Joyce, P.A. Milov, Dr. Sarra Solomon, Dr. Mikhail Gusman, FKA Mikhail Guzman, Dr. Anna Andola, Kim Faulkner, R.N., Superintendent Lynn Lilley, Commissioner Daniel F. Martuscello III, III, Deputy Commissioner Anne Marie McGrath, Carol Moores, Chief Medical Officer,

> *Defendants-Appellees*.

––––––––––––––––––––––––––––––––––––––

For Plaintiff-Appellant:                    Maxmillian Sloley, pro se, Napanoch, NY.

For Defendant-Appellee:                    Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Joseph M. Spadola, Assistant Solicitor General of Counsel, *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 19, 2024, order of the district court is **AFFIRMED** with respect to the denials of the motions to proceed anonymously and for a preliminary injunction and the appeal is otherwise **DISMISSED**.

In November 2023, Maxmillian Sloley, pro se and incarcerated, commenced this action against the New York State Department of Corrections and Community Supervision ("DOCCS") and various prison staff, administrators, and medical professionals, including Correction Officer Joyce, P.A. Milov, Dr. Sarra Solomon, Dr. Anna Andola, and Kim Faulkner R.N., in their individual and official capacities.[1] Dist. Ct. Dkt. 1 ("Compl.") at 1.  He alleged that the defendants committed various constitutional and statutory violations by, *inter alia*, refusing to increase his Suboxone dosage and, ultimately, terminating him from the prison's medication-assisted treatment program ("MAT").  Compl. at 1–7.  Within his complaint, Sloley moved (1) to proceed anonymously or with a pseudonym; (2) for appointment of counsel; and (3) for preliminary

---

[1] The complaint also listed the following defendants: Dr. Mikhail Gusman, Superintendent Lynn Lilley, Commissioner Daniel F. Martuscello III, Deputy Commissioner Anne Marie McGrath, and Chief Medical Officer Carol Moores.  Compl. at 1.

injuctive relief restoring his status in the MAT program, administering a different medication dosage, and constraining the defendants from transferring him, in retaliation, to another facility until the final disposition of the case. *Id.* at 7–9.

On January 19, 2024, without prompting from the parties, the district court dismissed most of Sloley's claims for failure to state a claim but permitted him to proceed on his 42 U.S.C. § 1983 claims alleging deliberate indifference in violation of the Eighth Amendment and retaliation in violation of the First Amendment. *See Sloley v. NYS DOCCS*, No. 9:23-CV-1469 (AMN/TWD), 2024 WL 1079886 (N.D.N.Y. Jan. 19, 2024). The district court also denied Sloley's motions (1) to proceed anonymously or with a pseudonym; (2) for preliminary injunctive relief; and (3) for appointment of counsel.[2] Sloley appealed.[3] We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I. Appellate Jurisdiction

We have appellate jurisdiction to review the district court's denials of Sloley's motions for preliminary injunctive relief and to proceed anonymously.

We have jurisdiction to review the denial of Sloley's motion for a preliminary injunction pursuant to 28 U.S.C. § 1292, which grants us "jurisdiction of appeals from: (1) Interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions,

---

[2] Sloley does not challenge the denial of appointment of counsel and has therefore abandoned any related arguments. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam). In any event, an order denying appointment of counsel in a civil case is generally not immediately appealable. *See Sears, Roebuck & Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (per curiam).

[3] On April 8, 2025, Sloley submitted a letter offering to settle the case and, alternatively, requesting that this court (1) reschedule the date of submission for this case; and (2) re-join two defendants that had been dismissed by the district court. Dkt. 46. Sloley's motion is denied.

or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

We also have jurisdiction to review the denial of Sloley's motion to proceed anonymously. An order denying a motion to proceed under a pseudonym is immediately appealable under the collateral order doctrine. We have reasoned that such an order "is completely separate from the merits . . . and [] will be effectively unreviewable on appeal." *United States v. Pilcher*, 950 F.3d 39, 41 (2d Cir. 2020) (per curiam).

On appeal, Sloley raises various arguments challenging the dismissal of several of his claims against various defendants. "Ordinarily, the sufficiency of pleadings would not be an issue heard on interlocutory appeal." *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 506 (2d Cir. 2004). However, "[w]hen . . . the issue is raised together with one over which the court has interlocutory jurisdiction, it is within our discretion to address a nonappealable argument presenting factors that sufficiently overlap with those relevant to the appealable issue." *Id.* (internal quotation marks omitted). Nevertheless, "pendent appellate jurisdiction is only appropriate where an issue is inextricably intertwined with the other issues on appeal giving rise to the appellate court's jurisdiction or is necessary to ensure meaningful review of those issues." *Ogunkoya v. Monaghan*, 913 F.3d 64, 72 (2d Cir. 2019) (internal quotation marks omitted). Even similar and "closely related" issues are not inextricably intertwined when "resolution of the non-appealable order would require us to conduct an inquiry that is distinct from and broader than the inquiry required to resolve solely the issue over which we properly have appellate jurisdiction." *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 81 (2d Cir. 2013) (internal quotation marks omitted).

Here, we decline to review the district court's dismissal of Sloley's claims. Although some of Sloley's dismissed claims pertained to the preliminary injunctive relief he sought, reviewing the

4

dismissal of Sloley's other claims in this case would be "broader than the inquiry" required to review the district court's denial of preliminary injunctive relief for abuse of discretion. *See id*. We therefore dismiss Sloley's appeal insofar as it seeks review of the district court's dismissal of these other claims. Sloley may challenge the district court's *sua sponte* dismissal of his claims on appeal from final judgment.

## II.     Denial of a Preliminary Injunction

"We review a district court's denial of a preliminary injunction for abuse of discretion." *A.H. by and through Hester v. French*, 985 F.3d 165, 175 (2d Cir. 2021). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). "To obtain an injunction from a district court, movants generally bear the burden of showing that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest." *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225–26 (2d Cir. 2020) (per curiam) (internal quotation marks and citation omitted).

The district court did not abuse its discretion by denying Sloley's motion for preliminary injunctive relief. Sloley moved for a preliminary injunction requiring defendants to (1) restore his status in the MAT program; (2) administer "the appropriate dosage [of Suboxone] that is medically and legally required to be sufficient," Compl. at 7; and (3) refrain from transferring him, in retaliation, to another facility until the final disposition of the case. However, as the district court concluded, Sloley failed to show a likelihood of success on the merits entitling him to such relief.

5

First, Sloley did not show that he was likely to succeed on the merits of his First and Eighth Amendment claims against Dr. Andola for removing him from participation in the MAT program. To prove a First Amendment retaliation claim, "a prisoner must show (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks omitted). Here, Sloley premised his retaliation claim on the fact that Andola discharged him from the MAT program. However, as the district court observed, Sloley did not provide sufficient details as to what protected conduct allegedly motivated Andola to retaliate against him or allege that Andola was aware of Sloley's grievances. Nor did Sloley show that he was likely to succeed in claiming that his termination in the MAT program was based on some other impermissible consideration. *See Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) ("To prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class." (internal citation omitted)). To prove his Eighth Amendment claim against Dr. Andola, Sloley "must show that [he] had a serious medical condition that was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (internal quotation marks omitted). We need not address the objective prong of this analysis because at this stage of the litigation, Sloley has not demonstrated a sufficiently "clear or substantial likelihood," *Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024), of establishing that Dr. Andola "act[ed] with a sufficiently culpable state of mind" when she removed him from the MAT program, *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Second, Sloley did not show that he was likely to succeed on the merits of his claims relating to his medication dosage. Sloley alleged that Milov and Solomon were deliberately

indifferent to his medical needs by denying his request to increase his daily Suboxone dosage. However, "mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 702. Nor are Sloley's conclusory allegations sufficient to establish that he is likely to prove that Milov's or Solomon's refusal to increase his dosage were retaliatory in violation of his First Amendment rights.

Third, Sloley did not show that he was likely to succeed on the merits of his claims relating to a retaliatory transfer to another facility. Because his complaint did not allege that defendants intended to transfer him, his alleged injury is "remote or speculative." *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011) (internal quotation marks omitted).

In sum, the district court did not abuse its discretion by denying a preliminary injunction because Sloley did not show he was likely to succeed on the merits of the relevant claims.

## III.        Denial of Motion to Proceed Anonymously or With a Pseudonym

"We review a district court's decision to grant or deny an application to litigate under a pseudonym . . . for abuse of discretion." *Pilcher*, 950 F.3d at 41 (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 10, "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008). To determine whether a party may proceed anonymously, courts employ a balancing test that weighs "the plaintiff's need for anonymity against countervailing interests in full disclosure." *Id.* at 189. We consider, among other things, whether the litigation involves highly sensitive matters, whether identification poses a risk of physical or mental harm to the plaintiff or to third parties, and whether the plaintiff's identity has been previously kept confidential. *Id.* at 190.

The district court's denial of Sloley's motion to proceed anonymously or with a pseudonym was not an abuse of discretion. The court reasonably concluded that Sloley's case did not involve highly sensitive matters, that he did not allege a risk of physical harm as a result of his claims, and that he did not keep his own identity confidential because he filed a publicly docketed complaint with his name and Department Identification Number.

## IV.        Request for Judge Reassignment

Finally, Sloley requests that we reassign this case to another district judge. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1078 (2d Cir. 2021) (per curiam) (internal quotation marks omitted); *see also LoCascio v. United States*, 473 F.3d 493, 497 (2d Cir. 2007) (per curiam) ("[A] prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." (internal quotation marks and citation omitted)). Regardless, Sloley's conclusory allegations fail to establish "doubt in the mind of a reasonable person as to [Judge Nardacci's] ability to decide the present case fairly." *See LoCascio*, 473 F.3d at 496; *see also Cornelio v. Connecticut*, 32 F.4th 160, 179 (2d Cir. 2022). Accordingly, we see no reason to reassign this case.

*   *   *

We have considered Sloley's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the January 19, 2024, order of the district court with respect to the denials of Sloley's motions to proceed anonymously and for a preliminary injunction and we **DISMISS** his remaining claims on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8