Gottlieb v. Tyler

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

Allen B. Gottlieb, Phyllis Gottlieb, Rachel E. Gottlieb, Jesse H. Gottlieb, by Phyllis J. Gottlieb as Court Appointed Guardian,

> *Plaintiffs-Appellants*,

> v.                                                                        19-2115

Nancy Ellen Tyler, John Graubard,

> *Defendants-Appellees*.

_____

FOR PLAINTIFFS-APPELLANTS:          Allen B. Gottlieb, Phyllis Gottlieb, Rachel E. Gottlieb, Jesse H. Gottlieb, pro se, Frankford, MO.

FOR DEFENDANTS-APPELLEES:          Charles S. Jacob, Benjamin H. Torrance, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED AS MODIFIED**.

Appellants Allen and Phyllis Gottlieb, along with their adult children Jesse and Rachel, pro se, sued Appellees Nancy Tyler, an Assistant Chief Litigation Counsel for the United States Securities and Exchange Commission ("SEC"), and John Graubard, Senior Trial Counsel for the SEC (together, the "SEC Attorneys"), in a *Bivens* action in the Southern District of Florida, *see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Gottliebs claimed constitutional violations arising from a restraint-of-funds and turnover proceeding in a SEC civil enforcement action against Allen Gottlieb. The case was transferred from the Southern District of Florida to the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Gottliebs challenge the district court's dismissal of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), based on a finding that the Gottliebs' claims were barred by absolute immunity. We review de novo a district court's dismissal pursuant to Rule 12(b)(6) and determination that absolute immunity applies. *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (absolute immunity); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)).

2

The district court correctly dismissed the Gottliebs' claims as barred by absolute immunity. Our precedent recognizes absolute immunity for "government attorneys who initiate civil suits." *Spear v. Town of West Hartford*, 954 F.2d 63, 66 (2d Cir. 1992);[1] *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the state in a way that is intimately associated with the judicial process."). The Gottliebs' argument that the SEC Attorneys were only performing ministerial ("bill-collecting") functions is unavailing; the SEC Attorneys were initiating and prosecuting a judicial proceeding in which they would act as advocates. Accordingly, the SEC Attorneys are absolutely immune from suit for initiating the restraint and turnover proceedings. The district court also did not abuse its discretion in denying the Gottliebs' motion for reconsideration of this decision as the motion identified no change in controlling law, new evidence, or clear error in this determination. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 108 (2d Cir. 2013).

However, dismissal with prejudice was improper as to Jesse Gottlieb's claims. The Gottliebs alleged that Jesse Gottlieb is "profoundly disabled by Downs Syndrome [sic]." *Gottlieb v. Tyler*, No. 19-cv-3172 (LAP) (S.D.N.Y. June 18, 2018), ECF No. 1, at 2. Although the Gottliebs alleged that Phyllis was Jesse's guardian, *id.*, "a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel" and a district court may not "make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented." *Berrios v. N. Y. C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

Because Jesse was not properly represented and the district court's dismissal could have res judicata effects, *see id.*, the district court should have dismissed the complaint as to Jesse without prejudice. Therefore, we hereby modify the district court's judgment so that Jesse Gottlieb's claims are dismissed without prejudice.

The Gottliebs also argue that the Southern District of New York did not have subject matter jurisdiction over this case because it was improperly transferred from the Southern District of Florida. However, because the Gottliebs did not move for retransfer in the district court, we lack jurisdiction to review the Southern District of Florida's transfer. *See SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 177 (2d Cir. 2000) ("[A] court of appeals normally has no jurisdiction to review the decision of a district court in another circuit, but may review a ruling by the transferee court denying retransfer.").

Finally, the Gottliebs argue that Judge Preska should have recused herself. We review a district court judge's decision to deny a recusal motion for abuse of discretion. *See LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (per curiam). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," nor do "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Judge Preska therefore did not abuse her discretion by not recusing herself based on her prior involvement in related litigation as there was no evidence that Judge Preska exhibited any personal bias.

4

We have reviewed the remainder of the Gottliebs' arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED AS MODIFIED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5