UNITED STATES of America,
Appellee,

v.

Samuel ISRAEL III, Defendant–Appellant.

No. 08–1972–cr.

United States Court of Appeals,
Second Circuit.

June 19, 2009.

Anna M. Skotko, Assistant United States Attorney (Andrew L. Fish, Assistant United States Attorney, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

---

* The Honorable Richard K. Eaton, United States Court of International Trade, sitting by

Barry A. Bohrer (Barbara L. Trencher, on the brief), Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C., New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. RICHARD K. EATON,* Judge.

## SUMMARY ORDER

Defendant appeals from his conviction entered by the United States District Court for the Southern District of New York (McMahon, *J.* ). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

### I. Recusal

■ Defendant argues that Judge McMahon erred by not recusing herself from the case. We review a district court judge's recusal decision for abuse of discretion. *See LoCascio v. United States,* 473 F.3d 493, 495 (2d Cir.2007) (per curiam). There is no reason here to question Judge McMahon's impartiality. We also do not believe that there is any appearance of partiality. As Judge McMahon carefully explained, her decision to retain the case when changing duty stations and a staff error in docketing a letter that contained personal information would not suggest, to anyone with our understanding of the facts, any partiality. *See In re Basciano,* 542 F.3d 950, 956 (2d Cir.2008). Moreover, Judge McMahon's words to both parties when granting an adjournment motion do not call into question her impartiality. *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474

designation.

(1994). Nor is it significant under the circumstances of this case that Judge McMahon had recused herself from a related bankruptcy case.

## II. Sentence

■ Defendant additionally argues that his sentence was unreasonable. We review sentences for "reasonableness," utilizing a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189–90 (2d Cir.2008) (en banc) (internal quotation marks omitted). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *Id.* at 189.

Defendant first contends that Judge McMahon's alleged bias makes the sentence unreasonable. For the reasons discussed above, that argument is meritless. Defendant next argues that the District Court erred by not granting a downward departure based on Defendant's medical needs. On the facts of this case, that claim is meritless. Defendant next asserts that he should have received more credit for cooperation. The District Court's significant reduction was well within its discretion. Finally, Defendant argues that the length of his sentence made it unreasonable. We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). Given the long history of Defendant's criminal conduct and the massive amount of money involved in this case, a twenty-year sentence was within the range of permissible decisions.

## III. Conclusion

We have reviewed all of Defendant's claims and find them meritless. Accord-

ingly, the judgment of the District Court is AFFIRMED.