20-3461-cr
*United States of America v. Samuel Israel III*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-one.

PRESENT:     GUIDO CALABRESI,
             DENNY CHIN,
             WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

            *Appellee*,

        v.                                          No. 20-3461-cr

SAMUEL ISRAEL III,

            *Defendant-Appellant*.

_____

For Appellee:                    THOMAS MCKAY (Margery Feinzig, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney, Southern District of New York, New York, NY

For Defendant-Appellant:         KARLOFF C. COMMISSIONG, Adams & Commissiong LLP, New York, NY

On appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on September 22, 2020, is **AFFIRMED**.

Defendant-Appellant Samuel Israel III appeals from an order of the United States District Court for the Southern District of New York entered on September 22, 2020, denying his motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). On September 29, 2005, Israel waived indictment and pled guilty to an information charging him with (1) conspiracy to commit investment adviser fraud and mail fraud, in violation of 18 U.S.C. § 371, (2) investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17; and (3) mail fraud, in violation of 18 U.S.C. § 1341. The district court imposed a total sentence of 240 months of imprisonment and a three-year term of supervised release. Israel failed to report to prison as ordered and later pled guilty to an information charging him with failing to surrender to serve his sentence, in violation of 28 U.S.C. § 3146(a)(2) and was sentenced to an additional two-year consecutive term of imprisonment. Israel has served approximately 12 years of his 22-year prison sentence. His projected release date is May 10, 2027. We affirmed his sentence on appeal. *United States v. Israel*, 331 F. App'x 864, 866 (2d Cir. 2009). The district court denied relief upon Israel's 28 U.S.C. § 2255 motion, upon his first motion for compassionate release, and upon a motion for reconsideration of the denial of his first motion for compassionate release. We assume the reader's familiarity with the record.

Israel's most recent motion for compassionate release—which forms the basis for this appeal—was based on his having tested positive for COVID-19, which he argued put him at an unusually high risk of death given his underlying medical conditions. The district court denied this motion on two independent grounds: (1) Israel had failed to exhaust his administrative remedies by failing to first present the Bureau of Prisons with his claim based on having contracted COVID-19 (as opposed to an earlier request, which had been based on his alleged risk of contracting COVID-19); and (2) sentencing factors still counseled against release in light of the egregious nature of Israel's crime. On appeal, Israel argues that the district court erred because (1) the order denying relief was procedurally and substantively unreasonable, and (2) Israel in fact exhausted his administrative remedies. We need not, and do not, address Israel's second argument because, even assuming *arguendo* that his failure to exhaust could be excused (or that he, in fact, satisfied the exhaustion requirement) and that he demonstrated "extraordinary and compelling reasons" for release, we conclude that the district court did not abuse its discretion in concluding that his release was not warranted after considering the § 3553(a) factors.

"We review the denial of a motion for compassionate release for abuse of discretion, which incorporates de novo review with respect to questions of statutory interpretation." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). Section 3582(c)(1)(A), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Even where an inmate demonstrates extraordinary and compelling circumstances, a judge retains discretion to

2

deny relief after considering the § 3553(a) factors. *Id.*; 18 U.S.C. § 3553(a); *see also United States v. Jones*, 17 F.4th 371 (2d Cir. 2021) ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A).").

Here, the district court properly made clear that, "[e]ven if the Court were to deem Israel to have exhausted his administrative remedies with the BOP, the motion [for compassionate release] would still be denied." Special App'x at 14. In addition, the district court made clear that Israel's poor medical condition, combined with his medical record showing that he had contracted COVID-19 but had not experienced any symptoms, did not warrant relief when considered against the § 3553(a) factors. Specifically, the district court stated that it had:

> previously found that Israel's medical conditions did not qualify him for a sentencing reduction and that, given the seriousness of Israel's crimes, reducing his sentence to time served would undermine the goals of sentencing set forth at 18 U.S.C. §§ 3582(c)(l)(A) and 3553(a), particularly, the need to impose just punishment, promote respect for the law and provide deterrence to other potential white[-]collar criminals. There is nothing about Israel's present medical condition—which is essentially unchanged since December 2019—that alters that analysis.

Special App'x at 14 (internal citations omitted). The district court also reiterated another point it made in its denial of Israel's first motion for compassionate release:

> As a matter of my discretion, I do not believe that Samuel Israel's sentence should be reduced, notwithstanding his compromised medical condition or the undoubted fact that he could receive better medical care in the private sector. I repeat what I said at Israel's sentencing: if the moment comes when he becomes so debilitated that the Bureau of Prisons cannot care for him, I expect the Director to let me know. Until then, in prison he stays.

*Id.* at 13–14. The district court properly grounded its decision in the § 3553(a) factors, considering Israel's debilitating and worsening medical condition, the non-violent nature of his offense of conviction, and his risk of recidivism, privileged upbringing, drug addiction, and lavish "lifestyle funded with other peoples' money." Special App'x at 15. Further, the district court held that reducing Israel's sentence "by nearly seven years" would offend the goals of sentencing in light of Israel's "monstrous fraud," through which he stole hundreds of millions of dollars from investors, the motivation for which had "much to do with greed." *Id.*

Accordingly, we conclude that the district court acted well within its discretion in concluding that sentencing relief under the First Step Act was not warranted after considering the § 3553(a) factors in this case.

3

We have considered Israel's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4