24-359-cv
*Brookins v. Figuccio*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-five.

PRESENT:
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

_____

Reverend Juan Jose Brookins, Trust Protector for the Claudio Bulent Akpinar Figuccio Trust, and Interpleader pursuant to 28 U.S.C. 1335,

> > *Plaintiff-Counter-
> > Defendant-Appellant,*

> v.                                                          24-359

Peter L. Blodnick,

*Defendant-Appellee,*

Reverend Dr. Bill Akpinar,

*Defendant-Cross-*
*Defendant-Appellee,*

Marc Ialenti,

*Defendant-Counter-*
*Claimant-Appellee,*

Patricia Figuccio,

*Defendant-Cross-*
*Claimant-Counter-*
*Claimant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          JUAN JOSE BROOKINS, *pro se*,
                                  Waterbury, CT.

FOR DEFENDANTS-APPELLEES:          Peter L. Blodnick, Peter L.
                                  Blodnick, Esq., P.C.,
                                  Ronkonkoma, NY.

                                  Bill Akpinar, *pro se*, Little Neck,
                                  NY.

                                  Marc J. Ialenti, Ialenti & Macari,
                                  LLP, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern

2

District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Reverend Juan Jose Brookins, proceeding *pro se*, appeals from the district court's denial of his "motion for disqualification" of the district court judge, following the district court's *sua sponte* dismissal of his case. In February 2022, Brookins commenced this action against Patricia Figuccio, Marc Ialenti, Peter Blodnick, and Reverend Dr. Bill Akpinar. The district court *sua sponte* dismissed the case for lack of subject matter jurisdiction. In March 2023, this Court vacated the district court's judgment and remanded for further proceedings because Brookins had not been given notice and an opportunity to be heard prior to dismissal. *See Brookins v. Figuccio*, No. 22-731-cv, 2023 WL 2579043, at *2 (2d Cir. Mar. 21, 2023) (summary order).

On remand, the district court issued a show-cause order, directing Brookins to respond as to why his complaint should not be dismissed. In October 2023, the district court reviewed Brookins's response and *sua sponte* dismissed his complaint, without prejudice "to refiling by a licensed attorney within 21 days of

3

the date of [the] Order." *Brookins v. Figuccio*, No. 22-CV-00891 (GRB) (ST), 2023 WL 6796393, at *2 (E.D.N.Y. Oct. 13, 2023). The court reasoned that Brookins had failed to show he could proceed *pro se* in representing the purported trust, and that the action, "premised solely on state law claims," did not appear to satisfy diversity jurisdiction. *Id.*

Brookins moved for reconsideration and to disqualify the district court judge, arguing that the judge denied him due process and equal access to the courts by dismissing his case *sua sponte* without a hearing. The district court denied the motions and entered judgment.

Brookins appealed. We assume the parties' familiarity with the remaining facts and the procedural history.

## I. Abandonment

We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). However, *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues

4

on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). We generally will not "manufacture claims of error" for a *pro se* party. *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

In his brief, Brookins expressly disavows any claims related to the district court's *sua sponte* dismissal of his complaint or the denial of his reconsideration motion. Instead, he argues only that the presiding judge improperly failed to disqualify himself. Brookins has therefore abandoned any other arguments related to the district court's *sua sponte* dismissal and denial of reconsideration. *See id.*; *see also Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam).

## II.  Denial of Motion to Disqualify

"Recusal motions are committed to the sound discretion of the district court, and [we] will reverse a decision denying such a motion only for abuse of discretion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (per curiam). "Title 28 U.S.C. § 455(a) requires a judge to recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (quoting § 455(a)). "The standard for disqualification under 28 U.S.C. § 455(a) is an objective one; the question is

whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (internal quotation marks and citations omitted). "[R]ecusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'" *Id.* at 29–30 (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)).

Here, the district court did not abuse its discretion in denying recusal. In his motion for disqualification, Brookins did not assert allegations that would suggest to an objective observer that the district court judge's impartiality should be questioned, or that the judge harbored "unequivocal antagonism" toward Brookins. *See id.* at 30. Brookins asserted that the district court denied him due process and equal access to the courts by dismissing his case *sua sponte* without a hearing. But there was no evidence that the district court's dismissal violated due process or denied Brookins equal access to the courts. On remand, the district

6

court issued a show-cause order, offering Brookins notice of the court's concerns and an opportunity to respond before dismissing his complaint. The district court subsequently issued a written order, reviewing Brookins's response to the show-cause order and explaining why the court concluded that dismissal was warranted.

Brookins also made general assertions that the judge was biased, prejudiced, and ignored the law. These assertions were baseless. An unfavorable ruling, by itself, is "insufficient to establish the sort of extreme antagonism required for disqualification." *Gallop v. Cheney*, 645 F.3d 519, 521 (2d Cir. 2011) (per curiam); *see Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."). Brookins criticized the district court's reference to his prior litigation, but the court's objective account of his other litigation was not a basis to "reasonably question the court's impartiality." *See Razmilovic*, 738 F.3d at 29.

There was no basis for recusal, and the district court therefore did not abuse its discretion in denying Brookins's motion for disqualification.

7

\* \* \*

We have considered Brookins's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court